**In the Interest of L.S.R.**

No. 02–0039.

Supreme Court of Texas.

Dec. 5, 2002.

Dean M. Swanda, Arlington, Gregory Clay Gray, Ted B. Lyon & Associates, Mesquite, Judith M. Van Hoof, Fort Worth, for petitioners.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney, Tanya S. Dohoney, Assistant District Attorney, Fort Worth, Cynthia Williams, Austin, for respondents.

PER CURIAM.

J.R. and L.R. appeal a judgment terminating their parental rights to their daughter, L.S.R. Section 161.001(1)(L)(iv) of the Texas Family Code provides for termination if a parent has been convicted or placed on community supervision, including deferred adjudication community supervision, "for being criminally responsible for the death or serious injury of a child" under various Penal Code sections, including a conviction for indecency with a child under Section 21.11 of the Penal Code. TEX. FAM.CODE § 161.001(1)(L)(iv). The State presented evidence at trial showing that J.R. had received deferred adjudication for the offense of indecency with a child, an offense J.R. committed against his four-year-old cousin when he was sixteen. The court of appeals held that there was no evidence to support termination under Section 161.001(1)(L)(iv) because there had been "no showing that J.R.'s cousin suffered death or serious injury as a result of his conduct." 60 S.W.3d 376, 378. The court of appeals deleted this ground for termination from the judgment, but otherwise affirmed the judgment against J.R. *Id.* at 381.

We deny the petitions for review, but disavow any suggestion that molestation of a four-year-old, or indecency with a child, generally, does not cause serious injury.

Justice SMITH did not participate in the decision.