IN THE
TENTH COURT OF APPEALS



No. 10-14-00066-CV

## IN THE INTEREST OF F.G.M., A CHILD

From the 378th District Court
Ellis County, Texas
Trial Court No. 81074D

## MEMORANDUM  OPINION

Appellee S.M., (whom we will refer to with the alias Sally),[1] the mother of F.G.M., filed a petition to terminate the parental rights of F.G.M.'s father, Appellant L.M. (whom we will refer to with the alias Lanny), asserting at trial the statutory ground in subsection 161.001(1)(L)(iv).  After a bench trial, the trial court terminated Lanny's parental rights on that ground.  Lanny, appearing pro se, appeals the trial court's order.  We will affirm.

In a proceeding to terminate the parent-child relationship brought under section 161.001, the petitioner must establish by clear and convincing evidence two elements: (1) one or more acts or omissions enumerated under subsection (1) of section 161.001,

---

[1] *See* TEX. R. APP. P. 9.8.

termed a predicate violation; *and* (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); *Swate v. Swate,* 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied). Family Code subsection 161.001(1)(L)(iv) provides for termination if the parent has "been convicted … for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code … (iv) Section 21.11 (indecency with a child) … ." TEX. FAM. CODE ANN. § 161.001(1)(L)(iv) (West 2014).

Lanny's pro se brief is deficient in that it fails to state the issues or points presented for review. *See* TEX. R. APP. P. 38.1(f). His overall argument in his brief is that there is no evidence of serious injury of a child to satisfy termination under subsection 161.001(1)(L)(iv) and that serious injury to a child cannot be inferred from his commission of the offense of indecency with a child. We invoke Rule 2 and will suspend Rule 38.1(f)'s requirements and address Lanny's legal sufficiency complaint. *See* TEX. R. APP. P. 2; *see also In re Jordan,* 264 S.W.3d 850, 852 n.1 (Tex. App.—Waco 2008, no pet.) (stating that we review and evaluate pro se briefs with patience and liberality).

The standard of review for legal sufficiency in termination cases is well established. *In re J.F.C.,* 96 S.W.3d 256, 264-68 (Tex. 2002). In reviewing the legal sufficiency, we view all the evidence in the light most favorable to the finding to determine whether a trier of fact could reasonably have formed a firm belief or conviction about the truth of the allegations. *In re J.L.,* 163 S.W.3d 79, 84-85 (Tex. 2005); *J.F.C.,* 96 S.W.3d at 265-66. We do not, however, disregard undisputed evidence that does not support the finding. *J.F.C.,* 96 S.W.3d at 266.

Sally and Lanny divorced in March 2011. Sally testified that in April 2010, Lanny had confessed to her that he had been "molesting our child over a period of years." That child, L., is F.G.M.'s older sister and was age 27 at the time of trial. In January 2012, Lanny pleaded guilty to the offense of indecency with a child (occurring in 1998) and received a three-year sentence as part of a plea bargain. In August 2012, Sally filed her petition to terminate Lanny's parental rights to F.G.M.

Lanny argues that, based on *Vidaurri v. Ensey*, 58 S.W.3d 142 (Tex. App.—Amarillo 2001, no pet.), serious injury to a child is not implicit in the offense of indecency with a child. *See id.* at 145-48. In another case under subsection 161.001(1)(L)(iv), the court stated: "While the conviction might be sufficient evidence of death or injury in those cases where death or serious injury to the child is an element of the offense, we hold that where death or serious injury is not an element of the offense, the conviction or deferred adjudication is not by itself sufficient evidence to support termination under section 161.001(1)(L)(iv)." *In re L.S.R.,* 60 S.W.3d 376, 379 (Tex. App.—Fort Worth 2001), *pet. denied per curiam,* 92 S.W.3d 529 (Tex. 2002). But in denying the petition for review in *L.S.R.*, the supreme court stated: "We deny the petitions for review, but disavow any suggestion that molestation of a four-year-old, or indecency with a child, generally, does not cause serious injury." 92 S.W.3d at 530; *see also In re A.R.R.,* 61 S.W.3d 691, 700 (Tex. App.—Fort Worth 2001, pet. denied) ("Charlotte Guest, a CPS caseworker with a master's degree in family counseling, testified that she had worked solely with abused and neglected children, including children who were sexually abused, in her nine years with CPS. She testified that the

type of sexual abuse that Appellant committed against his daughter [sexual assault/"inappropriately touch[ing] [his] daughter"] causes a child to sustain serious injury to her emotional well-being, and that such an injury could present a 'lifelong problem.'"), *disapproved on other grounds by In re C.H.,* 89 S.W.3d 17 (Tex. 2002) and *In re A.V.,* 113 S.W.3d 355 (Tex. 2003).

Regardless of *Vidaurri*, Sally testified that her daughter L. suffered "physical trauma" and "emotional and psychological harm" from the indecency. Specifically, Sally said that L. is "emotionally unstable. She has had - - it's been a lifelong inability to form relationships. She's undergoing counseling, and she has been at times suicidal."

Viewing all the evidence in the light most favorable to the trial court's finding, we hold that a reasonable factfinder could have formed a firm belief or conviction that L. suffered serious injury as a result of Lanny's indecency conduct. *See R.F. v. Tex. Dep't of Fam. & Prot. Servs.,* 390 S.W.3d 63, 75 (Tex. App.—El Paso 2012, no pet.); *A.R.R.,* 61 S.W.3d at 700. Having found that the evidence of serious injury is legally sufficient, we affirm the trial court's termination order.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Judge Coley[2]
Affirmed
Opinion delivered and filed November 26, 2014
[CV06]



---

[2] The Honorable Gary Coley, Judge of the 74th District Court, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.003(a) (West 2005).

In the Interest of F.G.M.                                                                                                         Page 5