

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00059-CV
_____

IN THE INTEREST OF M.A.S. AND K.D.S., MINOR CHILDREN

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 25,824

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Justice Moseley

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

During divorce proceedings, Mother filed a petition to terminate Father's parental rights to their two young children, Maggie and Ken.[1] Following a hearing, the trial court terminated Father's parental rights to both children under Ground L of Section 161.001(b)(1) of the Texas Family Code, after entering a finding that Father was convicted of aggravated sexual assault of a child younger than fourteen years old and that termination of his parental rights was in the best interests of both children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(L), (b)(2) (West Supp. 2016).

On appeal, Father admits that he was convicted of aggravated sexual assault of a child, but denies that he was criminally responsible for the death or serious injury of a child. We interpret Father's complaint as a challenge to the legal sufficiency of the evidence supporting Ground L.[2] We conclude that the trial court's Ground L finding is supported by legally sufficient evidence. Consequently, we affirm the trial court's judgment.

## I.      Standard of Review

"We strictly scrutinize termination proceedings in favor of the parent." *In re K.O.*, 488 S.W.3d 829, 835 (Tex. App.—Texarkana 2016, no pet.). "To terminate an individual's parental rights to her child, clear and convincing evidence must show: (1) that the parent has engaged in

---

[1]In keeping with the spirit of Section 109.002(d) of the Texas Family Code and Rule 9.8 of the Texas Rules of Appellate Procedure, and in an effort to protect the identity of the minor children who are the subject of this appeal, we use pseudonyms and generic titles to refer to the parties and the children. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8.

[2]Father does not raise either a factual sufficiency challenge to the predicate finding or a challenge to the best-interests findings.

one of the statutory grounds for termination; and (2) that termination is in the child's best interest." *Id.* (citing TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2015); *In re E.N.C.*, 384 S.W.3d 796, 798 (Tex. 2012); *In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002)). "The clear and convincing burden of proof has been defined as 'that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *Id.* at 835–36 (quoting *C.H.*, 89 S.W.3d at 23). "Due process demands this heightened standard." *Id.* at 836. "Thus, in reviewing termination findings, we determine whether the evidence is such that a [fact-finder] could reasonably form a firm belief or conviction about the truth of [the] allegations." *Id.*

"In a legal sufficiency review, termination findings are given appropriate deference." *Id.* (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). "In such cases, we consider all the evidence in the light most favorable to the findings to determine whether the [fact-finder] could reasonably have formed a firm belief or conviction that the grounds for termination were proven." *Id.* "We assume that the [fact-finder] resolved disputed facts in favor of the findings if a reasonable [fact-finder] could do so." *Id.* "Conversely, we disregard evidence that [a fact-finder] may have reasonably disbelieved or testimony from witnesses whose credibility may reasonably be doubted." *Id.*

## II. Ground L's Requirements

A trial court may terminate the parent-child relationship if it finds, by clear and convincing evidence, that the parent has "been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the

3

death or serious injury of a child under the following section[] of the Penal Code . . . (viii) Section 22.021 (aggravated sexual assault)." TEX. FAM. CODE ANN. § 161.001(b)(1)(L).

"The Family Code does not define 'serious injury,' and accordingly, we give it its ordinary meaning."[3] *In re W.J.B.*, No. 01-15-00802-CV, 2016 WL 1267847, at *7 (Tex. App.—Houston [1st Dist.] Mar. 31, 2016, no pet.) (mem. op.) (citing *In re A.L.*, 389 S.W.3d 896, 900–01 (Tex. App.—Houston [14th Dist.] 2012, no pet.)). "'Serious' means 'having important or dangerous possible consequences,' while 'injury' means 'hurt, damage, or loss sustained.'" *Id.* (quoting *A.L.*, at 900–01); *see In re C.T.*, No. 13-12-00006-CV, 2012 WL 6738266, at *13 n.16 (Tex. App.—Corpus Christi Dec. 27, 2012, no pet.) (mem. op.) (quoting *C.H. v. Dep't of Family & Protective Servs.*, Nos. 01-11-00385-CV, 01-11-00454-CV & 01-11-00455-CV, 2012 WL 586972, at *16–17 (Tex. App.—Houston [1st Dist.] Feb. 23, 2012, pet. denied) (mem. op.) (citing *Serious*, WEBSTER'S NEW COLLEGIATE DICTIONARY (1981)). "'Serious injury' under section 161.001[b](1)(L) does not require bodily injury." *W.J.B.*, 2016 WL 1267847, at *7.

## III. The Trial Court's Ground L Finding Was Supported By Legally Sufficient Evidence

During the hearing, in which Father appeared telephonically, Mother introduced and the trial court admitted into evidence (1) documents establishing that Father had been placed on

---

[3]The lack of a definition of serious injury in the Texas Family Code contrasts with the term "serious bodily injury," which is specifically defined in Section 1.07(a)(46) of the Texas Penal Code as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46) (West Supp. 2016). If the Legislature had intended this definition to be the standard utilized in Section 161.001(b)(1)(L), it would have been incorporated into this statute. Because it was not, we use the common meaning of the terms "serious" and "injury." In doing so, we acknowledge that an injury can be a serious one without being a bodily injury. For example, aggravated sexual assault normally invokes injury to the psyche, trauma, and mental suffering. We further believe the enumerated list of crimes included under Section 161.001(b)(1)(L) can cause serious injuries when the victim is a child.

4

deferred adjudication community supervision for the offense of aggravated sexual assault of a child younger than fourteen,[4] (2) the State's motion to revoke Father's community supervision alleging that he tested positive for marihuana on three occasions, and (3) a copy of a judgment, entered on June 8, 2015, which adjudicated Father guilty of aggravated sexual assault of a child younger that fourteen and established that Father had been sentenced to six years' imprisonment. Father testified that the child he sexually assaulted was "12 or 13" when the offense occurred.[5]

Father argues that this evidence was insufficient to establish that he was held criminally responsible for serious injury to a child. In support of his position, Father cites to *In re L.S.R.*, 60 S.W.3d 376 (Tex. App.—Fort Worth 2001) (per curiam), *pets. denied*, 92 S.W.3d 529 (Tex. 2002) (per curiam). In that case, J.R. and L.R. appealed a judgment terminating their parental rights to their daughter, L.S.R. "The State presented evidence at trial showing that J.R. had received deferred adjudication for the offense of indecency with a child, an offense J.R. committed against his four-year-old cousin when he was sixteen." *In re L.S.R.*, 92 S.W.3d 529, 530 (Tex. 2002) (per curiam). The court of appeals held that there was no evidence to support termination under Ground L because there had been "no showing that J.R.'s cousin suffered death or serious injury as a result of his conduct." *L.S.R.*, 60 S.W.3d at 378. Thus, the Fort Worth Court of Appeals deleted Ground L as a basis for termination from the judgment, but otherwise affirmed the judgment against J.R. *Id.* at 381. In denying the petitions for review, the Texas Supreme Court stated, "We deny the petitions for review, but disavow any suggestion that molestation of a four-

---

[4]The offense was committed on April 1, 2010.

[5]Father was seventeen when the offense occurred.

5

year-old, or indecency with a child, generally, does not cause serious injury." *L.S.R.*, 92 S.W.3d at 530.

The language "criminally responsible for the death or serious injury," in Section 161.001(b)(1)(L), "though seemingly simpl[e]," has raised the following questions: "[D]oes the statutory language mean that the injury may be presumed to be serious (given that it arises from conduct that constitutes a serious offense), or instead does it mean that particularized proof must be offered to show that the injury is serious?" 40A TEX. JUR. 3D *Family Law* § 1820 (West, Westlaw through Sept. 2016); *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(L). In this case, in line with the Texas Supreme Court's language in its opinion denying petition for review in *L.S.R.*, we disavow Father's assertion that the aggravated sexual assault of a child younger than the age of fourteen does not cause serious injury to a twelve- or thirteen-year-old child. Instead, given the seriousness of the offense of aggravated sexual assault of a child, and the young age of the child Father assaulted, we conclude that when viewed in the light most favorable to the trial court's findings, the evidence in this case is legally sufficient to establish that Father was convicted for being criminally responsible for the serious injury of a child under Section 22.021 of the Texas Penal Code. *See L.S.R.*, 92 S.W.3d at 530.[6]

Finding the evidence legally sufficient to support termination under Ground L, we overrule Father's sole point of error.

---

[6]*See also In re C.N.J.*, No. 06-00-00046-CV, 2001 WL 391841, at *2 (Tex. App.—Texarkana Apr. 19, 2001, no pet.) (not designated for publication).

## IV.	Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:	December 21, 2016
Date Decided:	December 22, 2016