# IN THE SUPREME COURT OF TEXAS

No. 19-0590

IN THE INTEREST OF Z.N., A CHILD

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

**PER CURIAM**

Under section 161.001 of the Texas Family Code, a trial court may terminate a parent's rights to a child if the court finds by clear and convincing evidence that termination is in the child's best interest and that one or more statutory predicate grounds have been satisfied. One of those grounds is that the parent has been convicted "for being criminally responsible for the death or serious injury of a child under" one of several sections of the Texas Penal Code, including section 21.11 (indecency with a child). TEX. FAM. CODE § 161.001(b)(1)(L). We are asked to determine whether a conviction for indecency with a child, by itself, can support an inference that the child has suffered serious injury as a result of the offense and can thus constitute legally sufficient evidence supporting a finding under predicate ground (L). The court of appeals concluded that such a conviction could not do so. We disagree. Because we hold that a conviction for indecency with a child can support a reasonable inference of serious injury to the child, we reverse the court of appeals' judgment in part and remand to that court for further proceedings.

Z.N. was born on March 8, 2008. Approximately five months before Z.N. was born, Z.N.'s father, S.N. (Father), committed acts of indecency with three children. The victims were four-, ten-, and eleven-years old on the date of the offenses. Father was indicted on three counts of indecency with a child pursuant to section 21.11(a)(1) of the Texas Penal Code. All three indictments accused Father of the same crime with each child, stating that the defendant:

> did then and there, with intent to arouse and gratify the sexual desire of the defendant, intentionally and knowingly engage in sexual contact with [Child], by touching the genitals of [Child], a child younger than 17 years of age and not the spouse of the defendant.

On December 19, 2008, Father was convicted of all three counts of indecency with a child. Each offense constituted a second-degree felony, and Father was sentenced to ten years for each conviction, to be served concurrently.

On July 10, 2017, while Father was still incarcerated, the Department of Family and Protective Services filed a petition to terminate his parental rights to Z.N.[1] Father's prison sentence ended approximately two months before the termination trial.

Father did not personally appear at trial but was represented by counsel. During the trial, the Department introduced into evidence the indictments and judgments from Father's three convictions. Additionally, the Department presented testimony from Z.N.'s caseworker, who stated that the Department had "concerns with placing" Z.N. with Father because of Father's "previous convictions." On cross-examination, Father's counsel asked the caseworker, "Besides what's contained in the indictment, and in the judgment, do you know anything about

---

[1] The Department also sought to terminate the parental rights of Z.N.'s mother, V.C. (Mother). The court of appeals affirmed the trial court's termination of Mother's parental rights, 579 S.W.3d 140, 147 (Tex. App.—Amarillo 2019), and we denied Mother's petition for review. Therefore, only Father's rights are at issue here.

the . . . circumstances of [Father's] offenses themselves?" The caseworker replied, "No." Father's counsel then asked, "So you don't know any of the details?" The caseworker replied, "No, ma'am." No other evidence was presented by either party at trial regarding Father's convictions or the actions underlying those convictions.

At the conclusion of the trial, the trial court terminated Father's parental rights based on section 161.001(b)(1)(L) of the Texas Family Code, finding specifically that Father committed acts that would constitute a violation of section 21.11 of the Penal Code (indecency with a child).[2] The trial court also found that termination was in Z.N.'s best interest.

Father appealed, asserting that the trial court's finding as to predicate ground (L) was not supported by legally or factually sufficient evidence. The court of appeals reversed, holding that the evidence "was legally insufficient to allow the factfinder to form a firm belief or conviction that [Father] caused at least one of his victims to suffer serious injury as required by" section 161.001(b)(1)(L). 579 S.W.3d 140, 151 (Tex. App.—Amarillo 2019).[3] The court emphasized that, although the factfinder is permitted to draw reasonable inferences from the evidence, the Department failed to prove "serious injury merely by proving a conviction for indecency with a child." *Id.* at 150. Because the Department relied only on those convictions, the court of appeals concluded that "the Department here produced no evidence of injury, physical or emotional, sustained by any of the three victims of [Father's] criminally indecent acts." *Id.*

---

[2] The trial court also found section 161.001(b)(1)(O) as a ground for termination. The court of appeals held that that legally insufficient evidence supported the (O) finding, *id.* at 152, and the Department does not challenge that holding here.

[3] In light of its holding that the evidence was legally insufficient, the court of appeals did not reach the factual-sufficiency issue. *Id.* at 151.

3

The Department filed a petition for review. In its sole issue, the Department contends that the court of appeals erred in its analysis regarding section 161.001(b)(1)(L).

Termination of a parent's rights to a child requires proof by clear and convincing evidence. TEX. FAM. CODE § 161.001(b). Under the Family Code, "'[c]lear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007. "This heightened standard of review is mandated not only by the Family Code . . . but also the Due Process Clause of the United States Constitution." *In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012). In accordance with this heightened standard, we "strictly construe involuntary termination statutes in favor of the parent." *Id.*; *see also In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).

We have further held that the heightened burden of proof in parental termination cases gives rise to a concomitantly heightened standard of appellate review. *In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019). Under the legal sufficiency standard of review for a finding based on clear and convincing evidence, "a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Although "the trier of fact may draw inferences," those inferences must be "reasonable and logical ones." *In re E.N.C.*, 384 S.W.3d at 804. Under this standard of review, "looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *In re J.F.C.*, 96 S.W.3d at 266. To that end, a reviewing court "should disregard all evidence that a reasonable

4

factfinder could have disbelieved or found to have been incredible." *Id.* Of course, that "does not mean that a court must disregard *all* evidence that does not support the finding," as doing so "could skew the analysis of whether there is clear and convincing evidence." *Id.* If, after conducting this review, an appellate court "determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id.*

Under the Family Code, "[f]or a trial court to terminate a parent's right to his [child], the State must prove by clear and convincing evidence both that: (1) the parent committed an act prohibited under [section 161.001(b)(1)], and (2) termination is in the [child's] best interest." *In re E.N.C.*, 384 S.W.3d at 803. Regarding the first element, section 161.001(b)(1) lists a number of predicate grounds for termination. *See* TEX. FAM. CODE § 161.001(b)(1). Predicate ground (L) requires a finding that the parent has "been convicted . . . for being criminally responsible for the death or serious injury of a child under" one of numerous enumerated offenses. *Id.* § 161.001(b)(1)(L). Indecency with a child (pursuant to section 21.11 of the Penal Code) is one of those enumerated offenses. *Id.* § 161.001(b)(1)(L)(iv).

Section 21.11 of the Penal Code provides in pertinent part that a person commits an offense of indecency with a child "if, with a child younger than seventeen years of age," the person "engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE § 21.11(a)(1). For the purpose of section 21.11, "sexual contact" means one of the following acts if the person commits the act with the intent to arouse or gratify the sexual desire of any person:

> (1)     any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

> (2)    any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.* § 21.11(c).

The central issue in this case is whether, for the purpose of predicate ground (L), a factfinder may reasonably infer from a conviction for indecency to a child that a serious injury to the child occurred—such that the conviction itself constitutes legally sufficient evidence under a clear-and-convincing standard to support a finding that the ground is satisfied—or whether additional evidence beyond the conviction itself is required. The Department argues that such an inference is permitted and is consistent with the sentiments expressed in our per curiam opinion accompanying the denial of a petition for review in *In re L.S.R.*, 92 S.W.3d 529 (Tex. 2002). Further, the Department argues that other policy considerations support holding that a conviction of indecency with a child can imply serious injury to the child, noting the potential logistical challenges associated with unearthing evidence for offenses committed years before the termination trial and concerns with retraumatizing victims of those offenses. By contrast, Mother argues as amicus curiae that the plain language of section 161.001(b)(1)(L) indicates that a conviction for indecency with a child, by itself, cannot imply serious injury for the purpose of ground (L).[4] Because the statute requires "serious injury" and then enumerates qualifying offenses, Mother argues that the Legislature has indicated that the Department must provide particularized proof of both. Mother emphasizes that, while the Department notes some trauma-sensitive concerns with this interpretation, the Legislature could have avoided those issues by omitting the phrase "death or serious" injury from the statute, but it chose not to.

---

[4] Father did not file a response to the Department's petition or a response brief on the merits.

Our prior consideration of this issue is limited to *In re L.S.R.*, which, as noted, was not a decision on the merits but a per curiam opinion accompanying the denial of a petition for review. *Id.* at 530. In that case, the trial court terminated the parents' rights based on multiple predicate grounds, including ground (L). *See id.* As here, the father had been convicted of sexual misconduct with a child pursuant to section 21.11 of the Penal Code. *Id.* The court of appeals affirmed the trial court's judgment but held that no evidence supported the ground (L) finding because there had been "no showing that [the child] suffered death or serious injury as a result of" the conduct underlying the father's conviction. *In re L.S.R.*, 60 S.W.3d 376, 378, 381 (Tex. App.—Fort Worth 2001, pet. denied). Rejecting the State's argument that "serious injury to a child may be inferred from proof of the conviction" of sexual misconduct with the child, the court of appeals concluded:

> While the conviction might be sufficient evidence of death or injury in those cases where death or serious injury to the child is an element of the offense, we hold that where death or serious injury is not an element of the offense, the conviction or deferred adjudication is not by itself sufficient evidence to support termination under [predicate ground (L)(iv)].

*Id.* at 378–79. In denying the parents' petition for review, we "disavow[ed] any suggestion that molestation of a four-year-old, or indecency with a child, generally, does not cause serious injury." *In re L.S.R.*, 92 S.W.3d at 530.

Since *L.S.R.*, we have not addressed ground (L)(iv), and the courts of appeals have diverged on whether a finding of "serious injury" under that ground requires evidence beyond a conviction of indecency with a child. Under one approach, a conviction for indecency with a child can imply serious injury to the child and, therefore, can support a finding under ground (L) by itself. *See In re M.A.S.*, No. 06-16-00059-CV, 2016 WL 7405849, at *3 (Tex. App.—Texarkana Dec. 22, 2016,

7

no pet.) (mem. op.). Under the other approach, a conviction of indecency with a child, by itself, is insufficient to show serious injury to the child for the purpose of ground (L), but a factfinder may infer serious injury from other evidence in the record related to the facts underlying the conviction. 579 S.W.3d at 150; *see also In re J.K.*, No. 09-19-00110-CV, 2019 WL 4865670, at *4–5 (Tex. App.—Beaumont Oct. 3, 2019, no pet.) (mem. op.) (explaining that the record contained evidence of serious injury to a child beyond the fact of Father's sexual-assault convictions and that the evidence was sufficient to support the trial court's serious-injury finding); *R.F. v. Tex. Dep't of Family & Protective Servs.*, 390 S.W.3d 63, 75 (Tex. App.—El Paso 2012, no pet.) (deeming it significant that "the record contains expert testimony from the child's therapist" that, among other things, the child "suffered from severe anxiety issues").

Section 161.001's plain language requires that the Department demonstrate that "death or serious injury of a child" resulted from one of the offenses enumerated in ground (L). TEX. FAM. CODE § 161.001(b)(1)(L). We hold that, under section 161.001(b)(1)(L)(iv), a parent's conviction for indecency with a child can constitute legally sufficient evidence that the parent was "criminally responsible" for the "serious injury of a child."[5] *Id.* We reach this conclusion based on the plain language of section 161.001(b)(1)(L) of the Family Code and section 21.11 of the Penal Code.

As an initial matter, we note that the simple illegality of the act does not in itself indicate that a trial court may infer serious injury. We "presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind." *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). As such, the phrase

---

[5] Because this case involves only the offense of indecency with a child, we need not and do not address whether a conviction for other offenses enumerated in ground (L) can imply serious injury to a child.

"convicted . . . for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code" requires not only that an offense be committed but also that death or serious injury result from that offense. *See* TEX. FAM. CODE § 161.001(b)(1)(L).

Still, for the purpose of ground (L), a conviction for an enumerated offense can imply that a serious injury has occurred based on the nature of the offense and the injury that will likely result. Here, the plain language of section 21.11 provides the necessary reasonable basis for a factfinder to infer that serious injury resulted from the commission of the offense of indecency with a child. Section 21.11(a) of the Penal Code provides:

(a)　A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:

    (1)　engages in sexual contact with the child or causes the child to engage in sexual contact; or

    (2)　with intent to arouse or gratify the sexual desire of any person:

        (A)　exposes the person's anus or any part of the person's genitals, knowing the child is present; or

        (B)　causes the child to expose the child's anus or any part of the child's genitals.

TEX. PENAL CODE § 21.11(a). Indecency with a child, as defined in the Penal Code, necessarily entails an action by a person against a child in a manner that is sexual in nature. *See id.* As one court of appeals has noted, "[s]exual activity" with a child "is always accompanied by a possibility of important or dangerous consequences, including emotional or psychological hurt." *In re S.G.*, No. 01-18-00728-CV, 2019 WL 1448870, at *8 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, pet. denied) (mem. op.). The offense can involve physical contact that is sexual in nature that the child likely perceives and remembers after the offense. *See* TEX. PENAL CODE § 21.11(a)(1). Even

9

when it does not involve physical contact, the offense still risks causing the child to experience serious emotional or psychological trauma. *See id.* § 21.11(a)(2). Given the physical, emotional, and psychological harm that can (and often does) result from the actions that constitute indecency with a child, a trier of fact may draw the "reasonable and logical" inference that a conviction for indecency with a child, standing alone, resulted in serious injury to the child for the purpose of predicate ground (L). *In re E.N.C.*, 384 S.W.3d at 804. Thus, consistent with our statement in *In re L.S.R.*, we hold that such a conviction can constitute legally sufficient evidence supporting a finding that ground (L) has been satisfied. 92 S.W.3d at 530.

That said, a parent may certainly refute any inference of serious injury to a child resulting from a conviction. Thus, a parent may argue that the conviction at issue does not imply serious injury and may present evidence controverting the existence of serious injury in a particular case. Again, while the factfinder "may draw inferences" from the conviction, those inferences must be "reasonable and logical ones" in light of the underlying conviction and any other evidence presented. *In re E.N.C.*, 384 S.W.3d at 804.

Here, the record shows that Father was convicted of indecency with a child with three children ages four, ten, and eleven. Specifically, he was charged with and convicted of intentionally and knowingly engaging in sexual contact with the children by touching their genitals. From those convictions, a trier of fact could reasonably infer that those children suffered serious injury for the purpose of ground (L), and no evidence was introduced to refute that inference. Because a reasonable trier of fact could have formed a firm belief or conviction that its finding was true, we hold that the evidence was legally sufficient to support the trial court's finding as to ground (L). *See In re J.F.C.*, 96 S.W.3d at 266. The court of appeals therefore erred in

reversing the trial court's order terminating Father's parental rights. We grant the Department's petition for review, and, without hearing oral argument, we reverse the court of appeals' judgment as to Father and remand the case to that court to consider Father's unaddressed factual-sufficiency issue. TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** May 15, 2020