In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00307-CV
_____

IN THE INTEREST OF L.M.

On Appeal from the 279th District Court
Jefferson County, Texas
Trial Cause No. F-240,175

## MEMORANDUM OPINION

Father appeals from an order terminating his parental rights to *Levi*, his eleven-month-old child.[1] In its order, the trial court determined that, along with finding it was in Levi's best interest, the evidence established that Father was convicted or placed on community

---

[1] We use pseudonyms to protect the minor's identity. Tex. R. App. P. 9.8 (Protection of Minor's Identity in Parental-Rights Termination Cases).

1

supervision in 2006 for sexually assaulting a child.[2] In his first issue, Father argues the evidence is legally and factually insufficient to support the trial court's finding that he was convicted of a crime that involved the sexual assault of a *child*. According to Father, the evidence shows he was convicted of sexually assaulting an adult, not a child. In Father's second issue, he argues the evidence is insufficient to support the trial court's finding that terminating his parent-child relationship with Levi is in Levi's best interest.

For its part, the Department concedes "there was no testimony at trial as to how [Father's] conviction for sexual assault injured a child." It then admits the evidence presented in the trial established "the victim of the sexual assault [the Department proved Father committed] was an adult[.]" Because the evidence is legally insufficient to support the trial court's finding that Father was convicted of sexually assaulting a *child*,

---

[2]*See* Tex. Fam. Code Ann. § 161.001(b)(1)(L) (authorizing the parent-child relationship to be terminated based on a finding that the child's parent was convicted or placed on community supervision because the parent was criminally responsible for the death or serious injury of a child under one of sixteen enumerated sections of the Penal Code, which specifically includes sexual assault).

we hold the trial court erred in terminating Father's parent-child relationship with Levi by relying on Family Code section 161.001(b)(1)(L) ("subsection L") as the statutory basis for terminating his rights.

As to Father's issue challenging the trial court's best-interest finding, we need not reach his argument given our conclusion that the evidence is legally insufficient to support the trial court's subsection L finding, which is the only predicate ground the trial court relied on to support its order terminating Father's rights.[3] We will reverse the trial court's order in part and render the judgment the trial court should have rendered, which is a judgment denying the Department's petition seeking to terminate Father's parental rights.[4]

## Background

Father didn't know Mother was claiming that Levi was his child until Levi was around four months old. When Levi was born, Mother and Levi tested positive for the presence of methamphetamine and

---

[3]Tex. R. App. P. 47.1.
[4]Mother's rights to Levi were also terminated but she did not appeal.

3

amphetamine. Levi remained in the hospital for nearly two weeks. While there, he was placed in neonatal intensive care and given oxygen. When Mother was admitted, she denied using drugs during her pregnancy, but she admitted she had not received prenatal care.

Even before Levi was released from the hospital, the Department received a referral "due to neglectful supervision of newborn [Levi.]" Following the referral, one of the Department's caseworkers conducted an unannounced visit at Mother's home. The caseworker found Mother had no baby supplies, no bed, and no bassinet in her home. Given concerns the Department had about Mother's historic use of drugs and questions about Mother's ability to provide Levi with a safe place to live, the Department asked the trial court to name the Department as Levi's temporary managing conservator before Levi left the hospital. The trial court granted the Department's request.

In January 2022, the Department filed an amended petition adding Father to the case, which it had initiated against Mother in September 2021. DNA tests, which Father requested, established that Levi is Father's child. The Department caseworker described the investigation

she conducted on behalf of the Department in Levi's case. We limit our discussion to the facts relevant to our analysis of Father's issues.

During the trial, Levi's caseworker testified that even though Father complied with his family service plan, he did not demonstrate that he could provide Levi with a safe home based on his status as a registered sex offender, which the caseworker based on Father's 2006 conviction for sexual assault. The exhibits the trial court admitted into evidence in the trial included the judgment and other documents relevant to Father's 2006 conviction.

The documents admitted into evidence provide information relevant to the background that led to Father's indictment for sexual assault. Nothing in any of the exhibits or the testimony about the sexual assault show that Father was convicted of sexually assaulting a *child.* Instead, the probable cause affidavit for the offense, which is among the exhibits attached to the judgment of conviction, reflects the victim of Father's sexual assault was an adult, not a child.

The Department's caseworker expressed her concerns about whether the court should allow Father to have access to Levi. First, the

5

caseworker testified that Father is currently involved with a woman who is a registered sex-offender. According to the caseworker, Father is the father of this woman's two-week-old baby. Second, the caseworker explained that Mother is pregnant with another child. The caseworker testified that Father, she believes, has also had a sexual relationship with Mother and he is her unborn baby's father. The caseworker expressed her concern that given that Levi is an infant, he would not be able to protect himself or verbalize what occurred should he be abused. She also expressed her opinion that she didn't believe it would be in Levi's best interest for the court to place him in a home where multiple registered sex offenders would have access to him.

When the trial ended, the trial court terminated Mother's and Father's parental rights. As previously mentioned, the trial court relied solely on the predicate subsection L finding to terminate Father's rights, finding that Father had been convicted or placed on community supervision for being criminally responsible for the death or serious

injury of a *child*.[5] Along with the trial court's subsection L finding, it also found that terminating Father's rights to Levi is in Levi's best interest.[6]

The trial court appointed the Department to be Levi's sole managing conservator. In the section of the order appointing the Department as Levi's conservator, the trial court found that the "appointment of a parent or parents would not be in [Levi's] best interest because the appointment would significantly impair [his] physical health or emotional development."

## Standard of Review

A trial court's findings terminating the parent-child relationship must be supported by clear and convincing evidence.[7] To be clear and convincing, the evidence "must produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."[8]

---

[5]Tex. Fam. Code Ann. § 161.001(b)(1)(L).
[6]*Id.* § 161.001(b)(2).
[7]*Id.* § 161.001(b).
[8]*Id.* § 101.007; *see also In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005) (cleaned up).

This "firm belief or conviction" standard affects our review of the evidence on appeal.[9] Under a legal sufficiency review, we must determine whether "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true."[10] When conducting our review and given the appellate deference due the factfinder, we "look at all the evidence in the light most favorable to the finding," "assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so," and "disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible."[11] Even so, we may not disregard "undisputed facts that do not support the finding."[12] Thus, in a legal-sufficiency review, the factfinder remains "the sole arbiter of the witnesses' credibility and demeanor."[13]

## Analysis

Under the Family Code, "[f]or a trial court to terminate a parent's right to his [child], the State must prove by clear and convincing evidence

[9] *In re J.W.*, 645 S.W.3d 726, 741 (Tex. 2022).
[10] *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).
[11] *Id.*
[12] *Id.*
[13] *In re J.F.-G.*, 627 S.W.3d 304, 312 (Tex. 2021) (cleaned up).

both that: (1) the parent committed an act prohibited under [section 161.001(b)(1)] and (2) termination is in the [child's] best interest."[14] As to the prohibited act under section 161.001(b)(1), there are twenty-one predicate grounds on which a trial court may terminate a parent's rights.[15] One of these predicate grounds, subsection L, allows the trial court to terminate a parent-child relationship on a finding the parent has "been convicted or has been placed on community supervision . . . for being criminally responsible for the death or serious injury of a child under" one of sixteen enumerated sections of the Penal Code when that finding is coupled with a finding of good cause.[16] Subsection L refers to section 22.011 of the Penal Code, which makes it an offense to sexually assault a child.[17]

To prove a claim based on subsection L, the Department must prove both that: (1) the parent was convicted or placed on probation of at least one of the sixteen crimes listed in subsection L and (2) the parent was

---

[14]*In re E.N.C.*, 384 S.W.3d 796, 803 (Tex. 2012).
[15]*See* Tex. Fam. Code Ann. § 161.001(b)(1).
[16]*Id.* § 161.001(b)(1)(L).
[17]*Id.* § 161.001(b)(1)(L)(vi); Tex. Penal Code Ann. § 22.011(a)(2).

convicted or placed on probation because the parent was "criminally responsible for the death or serious injury of a child[.]"[18] Father argues (and the Department concedes) that subsection L required it to prove that Father's 2006 conviction for sexual assault resulted because he was criminally responsible for the death or serious injury to a *child*. The Department also concedes it didn't prove Father was criminally responsible for the death or injury of a child based on his conviction of sexual assault. The Department also does not claim it proved that Father was convicted of any of the other sixteen enumerated crimes listed in subsection L.

We agree the record shows the undisputed facts in evidence do not support the trial court's subsection L finding. We also conclude the evidence before the trial court reveals no reasonable trier of fact could have formed a firm belief or conviction that the Department proved Father was criminally responsible for the death or injury of a child. The

---

[18]*See In re J.F.-G.*, 627 S.W.3d at 313 n.33; *In re L.S.R.*, 60 S.W.3d 376 (Tex. App.—Fort Worth 2001), *pet. denied*, 92 S.W.3d 529, 530 (Tex. 2002) (per curiam); *In re A.L.,* 389 S.W.3d 896, 900-01 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Vidaurri v. Ensey,* 58 S.W.3d 142, 145 (Tex. App.—Amarillo 2001, no pet.).

evidence shows Father sexually assaulted an adult and there is no evidence showing he was also criminally responsible for injuring a child in the course of sexually assaulting the adult.[19] We sustain Father's first issue.

In his second issue, Father argues the evidence is legally and factually insufficient to support the trial court's best-interest finding. But having found the evidence legally insufficient to support the trial court's subsection L finding, we need not decide whether legally or factually sufficient evidence supports the trial court's best-interest finding as it relates to the trial court's decision to terminate Father's parental rights.

Next, we must decide whether Father's challenge to the trial court's best-interest finding nonetheless still requires us to address the trial court's decision naming the Department as Levi's sole managing conservator. To begin, we note Father didn't raise a separate issue challenging the trial court's finding appointing the Department as Levi's managing conservator by claiming there is insufficient evidence to show

---

[19]Tex. Fam. Code Ann. § 161.001(b)(1)(L).

that appointing him would have significantly impaired Levi's physical health or emotional development, which is what the trial court found.

When a trial court terminates the parent-child relationships of both parents, the Family Code provides the trial court with three choices as to whom it should name as the child's managing conservator: (1) a suitable competent adult, (2) the Department, or (3) a licensed child-placing agency.[20] When Family Code section 161.207 is the sole basis of the trial court's appointment of the Department as a child's conservator, the parent's challenge to the trial court's best-interest finding is considered as raising an issue challenging the trial court's appointment of the Department as the child's managing conservator.[21]

On the other hand, when the trial court has appointed the Department as the child's managing conservator based on its authority under Chapter 153 of the Family Code—the chapter addressing conservatorship, possession, and access—the parent must challenge the

---

[20]Tex. Fam. Code Ann. 161.207(a).

[21]*See id.* § 161.207; *In re D.N.C.*, 252 S.W.3d 317, 319 (Tex. 2008) (holding the parent's challenge to Department's appointment as the child's managing conservator "was subsumed in her appeal of the parental-rights termination order").

trial court's appointment of the Department as the child's managing conservator to preserve a challenge to the Department's appointment.[22]

When the Department amended its petition adding Father to the suit, it asked the trial court to name it as Levi's sole managing conservator should the court determine that appointing Levi's parents would not be in Levi's best interest because their appointment would significantly impair Levi's physical health or emotional development. The trial court's order tracks the findings that Family Code section 153.131 requires, which indicates to us the trial court appointed the Department as Levi's conservator under the authority granted to it by Chapter 153 and not Chapter 161. The trial court's order appointing the

---

[22]*See* Tex. Fam. Code Ann. §§ 153.001-.709 (West & Supp. 2022) (Although the legislature amended some sections of Chapter 153 after the Department sued, none of the changes are relevant to the issues in Father's appeal. For convenience, we cite the current version of the statute when referring to the statute in the opinion.); *In re J.A.J.*, 243 S.W.3d 611, 615-17 (Tex. 2007) (explaining that parent must raise an issue in the appeal challenging trial court's appointment of the Department when the findings show the Department was appointed under Family Code section 153.131 because a challenge based on findings under section 153.131 is not subsumed by a parent's claim that terminating the parent-child relationship is not in the child's best interest); *In re C.D.E.*, 391 S.W.3d 287, 301 (Tex. App.—Fort Worth 2012, no pet.) (same).

Department as Levi's managing conservator states: "The court finds the appointment of a parent or parents would not be in [Levi's] best interest because the appointment would significantly impair [his] physical health or emotional development."[23]

Since Father didn't specifically challenge the trial court's conservatorship findings or the trial court's decision appointing the Department to be Levi's managing conservator based on its authority to do so under Chapter 153, the part of the trial court's order appointing the Department as Levi's sole managing conservator is not overturned by our judgment reversing the trial court's order terminating Father's parental rights.[24]

## Conclusion

We conclude that the evidence is legally insufficient to support the trial court's subsection L findings. We reverse that portion of the trial court's order terminating Father's parental rights and as to the Department's claims against Father, we render judgment denying the

---

[23]Tex. Fam. Code Ann. § 153.131.
[24]*In re J.A.J.*, 243 S.W.3d at 615-17; *In re C.D.E.*, 391 S.W.3d at 301-02.

Department's claims seeking to terminate Father's parental rights.[25] The rest of the trial court's order terminating Mother's parent-child relationship with Levi and appointing the Department as Levi's sole managing conservator is affirmed.

REVERSED AND RENDERED IN PART; AFFIRMED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on January 17, 2023
Opinion Delivered March 9, 2023

Before Horton, Johnson and Wright, JJ.

---

[25]Tex. R. App. P. 43.2.